IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**MATTHEW PROUDFOOT**,<br><br>Defendant. | Case No. 3:15-cr-00427-SI-02<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Defendant Matthew Proudfoot has filed a Renewed Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), asking the Court to reduce his sentence to time served. ECF 246. On July 27, 2020, the Court denied Mr. Proudfoot's earlier motion for compassionate release. ECF 238. Mr. Proudfoot has not yet begun serving his sentence because the Court has repeatedly extended Mr. Proudfoot's date of self-surrender, in part due to his family circumstances and in part due to the COVID-19 pandemic. The Government argues both that Mr. Proudfoot is not eligible for compassionate release because he has not yet entered the custody of the Bureau of Prisons and that he has not shown extraordinary and compelling reasons. Because Mr. Proudfoot has not demonstrated extraordinary and compelling reasons for a reduction in his sentence and a reduction would undermine the sentencing factors identified by

PAGE 1 – ORDER

Congress in 28 U.S.C. § 3553(a), the Court denies Mr. Proudfoot's motion on the merits and does not reach the question of whether he is even eligible for compassionate release at this time. The Court, however, will further extend the date for Mr. Proudfoot's self-surrender to September 1, 2022.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons (BOP), acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>  (i) Extraordinary and compelling reasons warrant such a reduction;
>
>  \*   \*   \*
>
>  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

PAGE 2 – ORDER

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements, however, only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*. As discussed below, the risk of contracting COVID-19 in federal prison generally does not constitute an extraordinary and compelling reason to reduce a defendant's sentence, although a district court must still consider a defendant's specific medical and physical conditions.

Mr. Proudfoot understandably is concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces. Mr. Proudfoot is 52 years old and suffers from postherpetic neuralgia, a shingles-related ailment that, for Mr. Proudfoot, causes extreme pain in his chest every time he breathes deeply due to the shingles virus getting into the nerve endings in and around his lungs. Coughing alone is extremely painful, and exposure to any condition (such as COVID-19) that exhibits through chronic respiratory issues such as a cough is extremely dangerous for Mr. Proudfoot. His condition has also led to a pleurisy diagnosis, which is an inflammation of the tissues that line the lungs and chest cavity causing sharp pains in the chest, coughing, and sometimes fever. Mr. Proudfoot has been hospitalized several times for pleurisy; there is no cure, only pain management until the inflammation subsides. *See* ECF 246 at 8.

The Ninth Circuit, however, has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling" circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19. *See United States v. Higgins*, 849 F. App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021); *United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Gipson*, 829 F. App'x 780 (9th Cir. 2020); and *United States v. Mortensen*, 822 F. App'x 634 (9th Cir. 2020).

In addition, Mr. Proudfoot's release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offenses is significant. On July 18, 2019, the Court sentenced Mr. Proudfoot to a term of imprisonment of 24 months followed by three years of supervised release based on his convictions for conspiracy to commit wire fraud and money laundering. ECF 214 (Judgment); *see also* ECF 223 (Amended Judgment). Along with his father and co-defendant Harry Proudfoot, Matthew Proudfoot solicited 140 individuals across the United States to invest more than three million dollars into their fraudulent scheme. ECF 238 at 1. The sentence ordered by the Court was necessary to reflect the seriousness of these offenses, promote respect for the law, provide just punishment for these offenses, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Defendant's Renewed Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i). ECF 246. The Court, however, ORDERS that: (1) the Amended Judgment filed on September 24, 2019 in this matter (ECF 223) is hereby amended to protect the health of Matthew Proudfoot against the risk of COVID-19 based on his medical and physical conditions; (2) the

date of September 1, 2021 for Mr. Proudfoot to self-surrender (*see* ECF 238) is hereby postponed due to the COVID-19 global pandemic; (3) Mr. Proudfoot shall surrender for service of his sentence at the facility designated by the Bureau of Prisons before 2:00 pm on September 1, 2022; and (4) all other conditions in the Amended Judgment shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED this 27th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge